UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RAENAESE FIGGS as *Guardian for Tajzhane Butler, Shatarra Butler and Shakarra Butler*, CHRISTINA STROUD as *Guardian for Katrelle Butler, Jr.*,

       Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, SERGEANT VICKI LISA, and POLICE OFFICER WARREN *Shield # 30397*,

       Defendants.
----------------------------------------------------------------X

ORDER

09-CV-4887 (NGG) (VVP)

NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiffs Raenaese Figgs, Guardian for Tajzhane Butler, Shatarra Butler, and Shakarra Butler; and Christina Stroud, Guardian for Katrelle Butler, Jr., (collectively "Plaintiffs") bring this action under 42 U.S.C. § 1983 and under the New York State Constitution and laws for claims arising from the shooting and killing of their father, Katrelle Butler (the "Decedent"), by members of the New York City Police Department ("N.Y.P.D.") on November 11, 2006. (Compl. (Docket Entry # 1).) On October 15, 2010, Defendants The City of New York, the N.Y.P.D., N.Y.P.D. Commissioner Raymond Kelly, N.Y.P.D. Sergeant Vicki Lisa, and N.Y.P.D. Officer Warren (collectively "Defendants") filed a motion to dismiss the Complaint in its entirety in lieu of an answer. (Docket Entry # 17.)

  Among other arguments supporting dismissal, Defendants assert that Plaintiffs, the children of the Decedent, do not sufficiently state that they have suffered an injury giving rise to the claims asserted. (Defs.' Mem. in Supp. (Docket Entry # 17) at 5 ("Count I of the Complaint

1

makes no allegations on behalf of infant Plaintiffs Tajzhane Butler, Shatarra Butler, Shakarra Butler, and Katrelle Butler, Jr. Nor does it mention the Plaintiffs' relationship, if any, to Katrelle Butler."). )[1] Furthermore, Defendants assert, and Plaintiffs appear to agree, that the proper party to most of the claims brought in the suit would be the estate of Katrelle Butler, rather than Butler's children. (Defs.' Reply in Supp. (Docket Entry # 20) at 2-5; Pls.' Mem. in Opp. (Docket Entry # 19) at 2; Pls.' Letter Dated Feb. 24, 2010 (Docket Entry # 4) at 1.)

Plaintiffs admit that "On February 24, 2010 plaintiff, realizing that the 'proper' party was the Estate of Katrelle Butler was granted a stay pursuant to Federal Rule of Civil Procedure (F.R.C.P.), rule 17 (a) 3 to amend the complaint to add the proper party [sic]." (Pls.' Mem. in Opp. at 2; see also Minute Order (Docket Entry # 5) (granting Plaintiffs' motion to stay on March 3, 2010).) Plaintiffs, however, failed to utilize the sixty-day stay to have an administrator appointed for the Decedent and to substitute the administrator as Plaintiff, as Plaintiffs stated they would do in their February 24, 2010 letter to the court. (Docket Entry # 4 at 1.) Rather Plaintiffs' counsel provides the unacceptable excuse that he,

> spoke to Ms. Figgs by telephone and in person on several occasions regarding what needed to be done to prosecute the case. Due the [sic] logistics of the parties meeting and the fact that they reside in Pennsylvania arrangements could not be made within the time allotted by the court to file for letters of administration in Kings County.

(Pls.' Mem. in Opp. at 2.) The court notes that Plaintiffs had still not succeeded in having an administrator appointed to represent the Estate of Katrelle Butler by the date Plaintiffs' Memorandum in Opposition was filed, October 1, 2010, over seven months after Plaintiffs were granted a stay in order seek the appointment of an administrator.

---

[1] The court notes that Plaintiffs did allege that the named Plaintiffs are "the children of KATRELLE BUTLER." (Compl. at ¶ 6.) Page two and three, which include paragraphs one through ten, are omitted from the version of the Complaint that is electronically filed on the docket, but are included in the original Complaint on file with the Clerk of Court. The court directs the Clerk of Court to re-file the complaint electronically so as to include the missing pages.

Plaintiffs have not formally moved to amend the Complaint, but have stated in their Memorandum in Opposition that "plaintiff seeks to amend the original complaint." (Pls.' Mem. in Opp. at 5.) Plaintiffs, however, only appear to request to amend the Complaint "to allege that these plaintiffs—the minor beneficiaries of Katrelle Butler—rights were violated by a widespread unwritten practice or express municipal policy [sic]," and not to add or substitute the administrator of the estate of Katrelle Butler as Plaintiff, as previously sought. (Id.)

It would be inefficient for the court to decide Defendants' motion to dismiss now if Plaintiffs would simply amend the complaint immediately following the court's decision. Because the interests of justice are not advanced through piecemeal litigation, the court will resolve the issue of amending the complaint before addressing the merits of Defendants' motion to dismiss. This will enable the court to consider all claims for all Plaintiffs at once.

Consequently, Plaintiffs have until Wednesday, July 20, 2011 to move for permission to amend the Complaint. Any motion by Plaintiffs should clearly state what amendments they intend to make to the Complaint, and should apprise the court of their progress in appointing an administrator to the estate of Katrelle Butler. If additional time is required in order to have an administrator appointed, Plaintiffs should inform the court of what steps have been or need to be taken, how much time is required, and why Plaintiffs have failed to accomplish this task to date. If Plaintiffs seek to amend the complaint to more fully allege the harm that has occurred to the children of Katrelle Butler, Plaintiffs should address why such an amendment would not be futile—namely why the children of Katrelle Butler have cognizable claims for the shooting and killing of their father, Katrelle Butler, and why amendment of the Complaint would permit the claims to survive Defendants' motion to dismiss. Defendants' response to Plaintiffs' submission, if any, shall be filed by Wednesday July 27, 2011, and should specifically address why the

requested amendments to the Complaint would not relate back to the date of the filing of the Complaint pursuant to Federal Rule of Civil Procedure 15(c), in addition to any other arguments opposing the motion to amend.

In order to ensure that Defendants do not bear the expense of Plaintiffs' foot-dragging, discovery shall remain stayed until Defendants' motion to dismiss is resolved. The court also feels the need to remind Plaintiffs that they chose to bring this action, as is their right, but with that right comes the obligation to prosecute the matter diligently and competently. The court will not tolerate further unjustified delay.

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2011

s/Nicholas G. Garaufis

/NICHOLAS G. GARAUFIS/
United States District Judge