FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RAENAESE FIGGS as *Guardian for Tajzhane Butler, Shatarra Butler and Shakarra Butler,* and CHRISTINA STROUD as *Guardian for Katrelle Butler, Jr.*,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, SERGEANT VICKI LISA, and POLICE OFFICER WARREN *Shield # 30397*,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-4887 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs Raenaese Figgs, Guardian for Tajzhane Butler, Shatarra Butler, and Shakarra Butler; and Christina Stroud, Guardian for Katrelle Butler, Jr., (collectively "Plaintiffs") bring this action under 42 U.S.C. § 1983 and New York State laws for claims arising from the shooting and killing of their father, Katrelle Butler (the "Decedent"), by members of the New York City Police Department ("N.Y.P.D.") on November 11, 2006. (Compl. (Docket Entry # 1).) On October 15, 2010, Defendants The City of New York, the N.Y.P.D., N.Y.P.D. Commissioner Raymond Kelly, N.Y.P.D. Sergeant Vicki Lisa, and N.Y.P.D. Officer Warren (collectively "Defendants") filed a motion to dismiss the Complaint in its entirety in lieu of an answer. (Docket Entry # 17.) For the reasons set forth below, Defendants' motion is granted in its entirety.

## I.  BACKGROUND

The Complaint alleges that, on November 11, 2006, Defendants Lisa and Warren, two New York City Police Officers, forced a vehicle driven by Katrelle Butler to crash. (Compl. ¶ 22.) The encounter resulted in the police officers shooting and killing Katrelle Butler. (Id. ¶ 23.) All claims asserted in the Complaint arise from these facts.

The Plaintiffs in this action are the alleged children of Katrelle Butler, the Decedent. The Complaint, however, states no claims and asserts no facts on behalf of these Plaintiffs personally. In fact, the only section of the Complaint that even refers to the Plaintiffs is the introductory "Parties" section. (Id. ¶ 6.) That section states that Plaintiffs "are the children of KATRELLE BUTLER who died as a result of [gunshot] wounds sustained on November 11, 2006." (Id.)

Rather, all claims and factual allegations in the Complaint refer solely to Katrelle Butler and seek to redress alleged violations of his rights alone. The opening "Venue and Jurisdiction" section states that "this [is] an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity *secured to Katrelle Butler* by the Fourth and Fourteenth Amendments to the Constitution of the United States 42 U.S.C. § 1983 and arising under the law and statutes of the State of New York." (Id. ¶ 1 (emphasis added).) Plaintiffs' federal cause of action, which is brought under 42 U.S.C. § 1983, states that Defendants' actions "deprived the [sic] Katrelle Butler of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York," and lists various constitutional rights. (Id. ¶ 35; see also Id. ¶ 49.) Likewise, all New York State claims deal exclusively with damages to Katrelle Butler caused by Defendants' alleged violation of his rights. (Compl.) Thus, the court must consider whether the claims, which deal exclusively

with the rights of, and injuries suffered by, Katrelle Butler, can be maintained in light of the fact that the guardians of Katrelle Butler's children are the only Plaintiffs.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

In reviewing a motion to dismiss, the court accepts as true all allegations of fact made by the plaintiff and draws all reasonable inferences in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570 (2007)). The complaint must set forth factual allegations that are sufficient "to raise a right to relief above the speculative level." Twombly, 555 U.S. at 555.

### B.   Plaintiffs' Claims

Plaintiffs bring federal law claims under § 1983 against the individual Defendants and against the remaining Defendants under a Monell v. City of New York Department of Social Services, 436 U.S. 658 (1978), and state claims under New York tort law. (Compl.)

Plaintiffs are not the proper parties to bring the state law and federal law claims on behalf of Katrelle Butler. These claims must be brought on behalf of the Estate of Katrelle Butler as survival actions. See Grosshandels-Und Lagerei-Berufsgenossenschaft v. World Trade Center Properties, LLC, 35 F.3d 136, 140 (2d Cir. 2006) (survival action appropriate for redressing New York tort claims held by decedent); Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982) ("Under New York law the [§ 1983] claim arising from the infringement of [a person's] civil rights survives his death and may be asserted by his personal representative." (internal citations

3

omitted)). The only party who is authorized under New York law to bring such an action is "a personal representative who has received letters of administration of the estate of a decedent." World Trade, 35 F.3d at 140; see also Genao v. United States, No. 08-CV-878 (NG), 2010 WL 3328017, at *2 (E.D.N.Y. Aug. 19, 2010) ("Under New York law, only a 'personal representative' . . . can bring a wrongful death or survival action.").[1] Since no personal representative has been appointed, and since the Estate of Katrelle Butler is not a party, these actions on behalf of Katrelle Butler cannot be maintained.[2]

The Complaint also fails to state any cognizable § 1983 claim on behalf of the children of Katrelle Butler. The issue of whether the children of a person who dies as a result of Government action have a cognizable claim under § 1983 has not been fully resolved by either the Court of Appeals for the Second Circuit or the United States Supreme Court. This court, however, need not address this complex issue here because Plaintiffs have failed to state any claim that their rights were personally violated by Defendants' alleged conduct. Nowhere does the Complaint allege that the Plaintiffs were personally deprived of any constitutional rights. The Complaint, therefore, fails to state a claim upon which relief can be granted because it fails to "plead any individual injuries but only [seeks] recovery for injuries sustained by the decedent." See Estate of Johnson by Castle v. Village of Libertyville, 819 F.2d 174, 177 (7th Cir. 1987). Consequently, none of the Plaintiffs is a proper party to bring the claims asserted in

---

[1] Even if the Complaint could be construed to state a wrongful death claim under New York law, it must be dismissed because wrongful death actions must also be brought by a "personal representative" of the Decedent's estate. Hernandez v. New York City Health and Hospitals Corp., 585 N.E.2d 822, 825 (N.Y. 1991)

[2] As recounted in the Court's July 7, 2011 Order (Docket Entry # 22), Plaintiffs have been aware of the need to have an administrator appointed to represent the Estate of Katrelle Butler and amend the Complaint to name the Estate of Katrelle Butler as a party since at least February 24, 2010. Yet, a year and a half later, at a status conference held on August 15, 2011, Plaintiffs' counsel represented that an administrator had not been appointed and no steps were in progress to do so. (Aug. 15, 2011 Status Conf. Tr.). Plaintiffs have been permitted every reasonable opportunity to have an administrator appointed and to seek to amend the Complaint. See Fed. R. Civ. Pro. 17(a)(3). Plaintiffs' attorney, however, made clear at the August 15, 2011 status conference that he no longer intends to amend the Complaint. (Id.)

the Complaint, and Plaintiffs have been afforded sufficient opportunities to remedy this deficiency. Thus, Defendants' motion to dismiss all claims is granted.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiffs' Complaint is dismissed in its entirety.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 1, 2011

NICHOLAS G. GARAUFIS
United States District Judge